**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| JOANNE EDWARDS, | : |
| Plaintiff, | : |
| v. | : |
| | : CASE NO.: 1:13-CV-29 (WLS) |
| STATE BOARD OF WORKERS' COMPENSATION JUDGE GORDON ZEESE, ATTORNEY JUDY VARNELL, WENDY SIMPSON, TAMMY RINGO, DR. ANDREW CORDISTA, DR. CRAIG FRDERICKS, DR. EDWARD HELLMAN, CELESTE RUTLAND, OFFICER CHARLES MCCORMICK, | : |
| Defendants. | : |

**ORDER**

Before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis* (Docs. 2). For the following reasons, Plaintiff's Motion to Proceed *In Forma Pauperis* (Docs. 2) is **GRANTED**. However, Plaintiff's Complaint (Doc. 6) is **DISMISSED WITHOUT PREJUDICE**.

**DISCUSSION**

This Court must follow a well-established two-step procedure in processing a case filed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. *Cotton v. Georgia*, No. 5:07-cv-159 (HL), 2007 WL 1810231, at *1 (M.D. Ga. June 21, 2007). "Initially, the district court must determine whether the plaintiff is unable to prepay costs and fees and is therefore a pauper under the statute." *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985).

"Only after making a finding of poverty and docketing the case can the court proceed to the next question: whether the claim asserted is frivolous or malicious." *Id.*

## I. Plaintiff's Financial Status

According to her IFP Application, Plaintiff receives unemployment payments in the amount of $649/month. (Doc. 2 at 2.) She possesses no savings and her only assets are a home valued at $96,000, as well as two vehicles valued at $20,900 and $5,000, respectively. (*Id.* at 3.) Her husband is employed and receives income of $2,480/month; however, monthly expenses for Plaintiff's household total $2,550. (*Id.* at 5.) Accordingly, the Court finds that Plaintiff appears to meet the requirements of 28 U.S.C. § 1915(a)(1) for proceeding *in forma pauperis* and **GRANTS** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Docs. 2.)

## II. Validity of Plaintiff's Complaint

With Plaintiff's indigent status confirmed, the Court must conduct a review of her Complaint under 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) requires a court to dismiss an indigent party's case at any time if the court determines that the party's action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. The Court acknowledges that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Hyland v. Kolhage*, 158 F. App'x 194, 196 (11th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)). Nevertheless, "a complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that it plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of elements of a cause of action, supported by conclusory

2

statements, do not suffice.") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550, 570 (2007))).

According to Plaintiff's Amended Complaint (Doc. 6)[1], on June 29, 2012, Administrative Law Judge Gordon Zeese issued an "unfavorable ruling" in her workers' compensation claim ("WC claim"). (Doc. 6-1 at 1.) Plaintiff filed the instant complaint, pursuant to 42 U.S.C. § 1983 (deprivation of rights) and 42 U.S.C. § 1986 (failure to prevent conspiracy to interfere with rights), alleging that Defendants Administrative Law Judge Gordon Zeese, Workers' Compensation attorney Judy Varnell, Workers' Compensation Adjuster Wendy Simpson, Nurse Case Manager Tammy Ringo, Drs. Edward Hellman, Andrew Cordista, Craig Fredericks, Surgical Scheduling Coordinator Celeste Rutland, and Officer Charles McCormick actively conspired to violate her constitutional rights. (*See generally* Doc. 4.)

In her Complaint, Plaintiff alleges that Defendants conspired to violate her Fifth and Fourteen Amendment rights. However, because the Fifth Amendment applies only to conduct committed by federal government actors, and Plaintiff has named only state and private actors in her Complaint, the Fifth Amendment provides no basis for relief to Plaintiff. *McCall v. Dept. of Human Resources*, 176 F. Supp. 2d 1355, 1363 (M.D. Ga. 2001) (citing *Riley v. Camp*, 130 F.3d 958, 972 n.19 (11th Cir. 1997) (Tjoflat, J., dissenting from the denial of rehearing en banc)). Accordingly, the Court will assess Plaintiff's allegations through the rubric of the Fourteenth Amendment for the purpose of assessing whether her Complaint should be dismissed pursuant to § 1915(e)(2).

---

[1] Before the Court could rule on Plaintiff's IFP motion, Plaintiff moved to amend her Complaint. (Doc. 6.) Therefore, the Court has limited its review to the Amended Complaint filed by Plaintiff on March 29, 2013.

In order to state a claim for relief under 42 U.S.C. § 1983, Plaintiff must establish 1) that the offending conduct was committed by a person acting under color of state law and 2) that the conduct deprived her of rights secured by the Constitution or laws of the United States. *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 139 (11th Cir. 2011).

In order to state a claim for relief under 42 U.S.C. § 1985(3)[2], a plaintiff must allege facts showing: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *Lucero v. Operation Rescue of Birmingham*, 954 F.2d 624, 627-28 (11th Cir. 1992) (citing *United Brotherhood of Carpenters & Joiners of America, Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983)). "[T]he second element requires a showing of 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* Actions brought under 42 U.S.C. § 1986 are derivative of § 1985 violations and provide a cause of action against a person who "knew of a § 1985 conspiracy and failed to prevent it, despite having the power to do so." *Johnson v. Wilbur*, 375 F. App'x 960, 964 (11th Cir. 2010) (citations omitted).

Applying these standards, the Court finds that Plaintiff's Complaint should be dismissed as against all Defendants.

---

[2] Plaintiff has generally asserted a claim for relief pursuant to section 1986. Plaintiff did not, however, refer to 42 U.S.C. § 1985, though a plaintiff must plead a violation of section 1985 in order to assert a claim under section 1986. Nevertheless, construing Plaintiff's Complaint liberally, and finding that Plaintiff has generally alleged a conspiracy, the Court will assess Plaintiff's Complaint as though she asserted the requisite claim under section 1985.

4

### A. Administrative Law Judge Gordon Zeese

In her Complaint, Plaintiff alleges that Judge Zeese issued an unfavorable ruling in her WC case based on her "color and disability." (Doc. 6-1 at 6-7.) In support of her claim, Plaintiff refers to, *inter alia*, Judge Zeese's alleged "repeatedly misrepresenting evidence of material facts, listening to only one side, [and] making statement of facts, "factually incorrect." (*Id.* at 7.)

Plaintiff's claim, as pleaded, fails against Judge Zeese because of the doctrine of judicial immunity. "It is well-established that judges are immune from liability for damages for acts committed within their judicial jurisdiction." *Stewart v. Baldwin Cnty. Bd. of Educ.*, 908 F.2d 1499, 1507 (11th Cir. 1990). An allegation that the action taken by the judge in his judicial capacity "was in error, was done maliciously, or was in excess of his authority" will not serve to deprive the judge of immunity unless the evidence shows the judge "acted in the clear absence of all jurisdiction." *Stump v. Spark*, 435 U.S. 349, 356-57 (1978). The rationale is "the doctrine of judicial immunity is thought to be in the best interests of "the proper administration of justice . . . [, for it allows] a judicial officer, in exercising the authority vested in him [to] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Id.* at 363. The Eleventh Circuit has determined that this judicial immunity extends to state administrative law judges. *Smith v. Shook*, 237 F.3d 1322, 1325 (11th Cir. 2001) ("[A]s is the case with trial judges and federal ALJ's, absolute immunity is necessary for state ALJ's to ensure that they can perform their functions without harassment or intimidation.")

Here, Plaintiff's allegations—that Judge Zeese violated her constitutional rights when he made findings and issued an unfavorable ruling that she believes to be in

incorrect and motivated by racial and disability animus—are not allegations that would remove Judge Zeese's judicial immunity. The allegations reflect that Judge Zeese acted in his judicial capacity and with the jurisdiction to review her WC claim. Even if Judge Zeese was biased against Plaintiff, as alleged, Judge Zeese is still entitled to absolute immunity. Accordingly, Plaintiff's Complaint is **DISMISSED** as against Judge Zeese. *See Mordkofsky v. Calabresi*, 159 F. App'x 938, 939 (11th Cir. 2005) (confirming the propriety of dismissing a complaint on absolute judicial immunity grounds during a frivolity review under 28 U.S.C. § 1915(e)(2)).

### B. *Officer Charles McCormick*

Officer Charles McCormick should also be dismissed as a defendant. Plaintiff alleges that Officer McCormick violated her constitutional rights when he "falsified" information in a police report. (Doc. 6-1 at 28-30). In general, there is no constitutional right to correct a police report. Thus, even assuming, *arguendo*, that the information in Officer McCormick's police report was incorrect, this allegation standing alone does not rise to the level of a constitutional violation. *Abella v. Simon*, 831 F. Supp. 2d 1316, 1341-42 (S.D. Fla. 2011), *reversed on other grounds,* 482 F. App'x 522 (11th Cir. 2012). "The mere existence of an allegedly incorrect police report fails to implicate constitutional rights." *Id.* (quoting *Jarrett v. Twp. of Bensalem*, 312 F. App'x 505, 507 (3d Cir. 2009) (collecting cases)). In order for a police report to be actionable as a constitutional violation, the consequences of it must "constitute a deprivation of life, liberty, or property." *Jarrett v. Twp. of Bensalem*, No. 07-1480, 2008 WL 818615, at *4 (E.D. Pa. Mar. 26, 2008). Here, aside from being angered by Officer McCormick's alleged action, Plaintiff has failed to allege any facts showing that Officer McCormick's alleged falsification of information in a police report resulted in the deprivation of a

federal right. *See Landrigan v. City of Warwick*, 628 F.2d 736, 745 (1st Cir. 1980) ("The focus, however, ordinarily should be on the consequences, if any, not on the mere existence of the report."). Accordingly, Plaintiff's Complaint is **DISMISSED** as against Officer McCormick for failure to state a claim for a constitutional violation.

### C. Workers' Compensation Adjuster Wendy Simpson and Nurse Case Manager Tammy Ringo

Plaintiff has also named in her Complaint, Wendy Simpson and Tammy Ringo, employees of the Georgia Department of Administrative Services, the servicer for Georgia's self-insured WC benefits. It appears that Plaintiff has named these defendants in their individual capacity. *Hobbs v. Roberts*, 999 F.2d 1526, (11th Cir. 1993) (noting that employees for state agencies "may be liable in their individual capacities for acts performed in state employment, that is, as state agents"). As part of the general theme of her Complaint, Plaintiff alleges that these individuals conspired to violate her "14th amendment constitutional rights to life, due process of the law, protection of the law, and civil rights."

"In civil rights and conspiracy actions, courts have recognized that more than mere conclusory notice pleading is required." *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). A complaint alleging a conspiracy may be dismissed when it contains allegations of a conspiracy that are conclusory, vague and of a general nature. *Id.* at 557. "To establish a *prima facie* case of conspiracy, the plaintiff must allege, among other things, that the defendants 'reached an understanding to violate [her] rights.'" *Eubank v. Leslie*, 210 F. App'x 837, 842 (11th Cir. 2006) (citations omitted). This heightened pleading standard is imposed in conspiracy cases because "a defendant

must be informed of the nature of the conspiracy which is alleged." *Id.* For that reason, "it is not enough to simply aver in the complaint that a conspiracy existed." *Id.*

Here, Plaintiff has set forth only vague and general allegations of a conspiracy that are insufficient to state a claim under section 1983 or section 1985. Importantly, as further discussed below, Plaintiff has alleged no facts to show that there was an agreement to violate any of her constitutional rights. She merely alleges that Defendants Simpson and Ringo failed to authorize rehab treatment—allegations that, without more, do not rise to the level of a constitutional violation, let alone actions forming part of a conspiracy to engage in a constitutional violation. Therefore, Plaintiff has failed to state a claim for relief as against Defendants Wendy Simpson and Tammy Ringo, and these defendants are **DISMISSED**.

### D. Conspiracy Claims Against Private Actors

All other defendants named in Plaintiff's Complaint are private actors. While the behavior of these private actors standing alone is not sufficient to state a claim under § 1983, state actors who conspire with private defendants "can supply the state action nexus required for a section 1983 suit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Similarly, "private actors, may be liable for infringement of Fourteenth Amendment rights only through conspiracy with state actors in violation of 42 U.S.C. § 1985(3)." *Terry Properties, Inc. v. Standard Oil Co.*, 799 F.2d 1523, 1533-34 (11th Cir. 1986).

As noted above, however, Plaintiff has failed to plead any allegations showing an agreement between any defendant to deprive her of any constitutional rights. At best, Plaintiff alleges acts on the part of each of the Defendants constituting separate and discrete parts of the process of the denial of her WC claim. To properly plead a claim for

8

conspiracy, a plaintiff "must plead in detail, through reference to material facts, the *relationship* or *nature of the conspiracy* between the state actor(s) and the private persons." *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (citing *Fullman*, 739 F.2d at 556-57); *Phillips*, 746 F.2d at 785 ("The naked assertion of a conspiracy between a state [actor] and private defendants without supporting operative facts provides an insufficient state action nexus for a section 1983 action.")  Merely pointing to separate and discrete acts to show a conspiracy is insufficient. *See, e.g., Harvey*, 949 F.2d at 1127 (concluding that it is not sufficient to "merely string together the discrete steps of the commitment process, without showing contacts between the appellees that could prove private and alleged state actors had 'reached an understanding' to violate her rights"); *Hundley v. Daniels*, No. 2:05-cv-502, 2005 WL 1389878, at *2 (M.D. Ala. June 10, 2005), *adopted by* 2005 WL 1801407 (M.D. Ala. July 28, 2005) (dismissing the conspiracy claim alleged in plaintiff's *in forma pauperis* complaint under section 1915(e)(2) because plaintiff "merely set forth a series of events which allegedly resulted in a violation of his constitutional rights").

    Accordingly, Plaintiff has failed to sufficiently plead a conspiracy, and as such, she has not pleaded any facts sufficient to transform the private actors to state actors for the purpose of allowing her § 1983 suit to proceed against the private-actor Defendants. Furthermore, because Plaintiff has failed to sufficiently plead that a conspiracy existed, she has failed to plead the first element required for stating a cause of action under §

1985 and its derivative, § 1986.[3]  Therefore, Plaintiff's Complaint is **DISMISSED** against Defendants Workers' Compensation attorney Judy Varnell, Drs. Edward Hellman, Andrew Cordista, Craig Fredericks, and Surgical Scheduling Coordinator Celeste Rutland.

## CONCLUSION

Based on the reasons articulated above, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) is **GRANTED**, and Plaintiff's Complaint (Doc. 6) against all Defendants is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this  1st  day of May, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**

---

[3] In the absence of any alleged conspiracy with the state actors in this case, Plaintiff's conspiracy claim against the private-actor defendants would still fail.  Alleged private-actor conspirators can violate § 1985 if they engage in a conspiracy "aimed at rights constitutionally protected against private impairment." *Johnson v. Wilbur*, 375 F. App'x 960, 964 (11th Cir. 2010) (citations omitted).  "So far, the only rights that the Supreme Court has expressly declared enforceable against private conspirators under § 1985(3) are the right to interstate travel and the right against involuntary servitude." *Id.* (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263 1993)).  Here, Plaintiff has alleged no facts to show that either of these rights is implicated in her case.